

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN
~~COMMISSION~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Mr. A. Reagan, Jr.
Casualty Insurance Division
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-403
Re: Would the inclusion of the phrase
"caused by accident" in statutory
endorsement forms contravene the
quoted portion of the Motor Car-
rier Act?

Your request for an opinion on the above stated question has been received by this office.

Section 5, Article 4682b, Revised Civil Statutes reads as follows:

"In addition to the duty of approving classifications and rates, the Commissioner shall prescribe policy forms for each kind of insurance uniform in all respects except as necessitated by the different plans on which the various kinds of insurers operate, and no insurer shall thereafter use any other form in writing automobile insurance in this State; provided, however, that any insurer may use any form of endorsement appropriate to its plan of operation, provided such endorsement shall be first submitted to and approved by the Commissioner; and any contract or agreement not written into the application and policy shall be void and of no effect and in violation of the provisions of this Act, and shall be sufficient cause for revocation of license of such insurer to write automobile insurance within this State."

Section 13, Article 911b, Revised Civil Statutes reads as follows:

"Before any permit or certificate of public convenience and necessity may be issued to any motor carrier and before any motor car-rier may lawfully operate under such permit or

certificate as the case may be, such motor car-
rier shall file with the Commission bonds and/
or insurance policies issued by some insurance
company including mutuals and reciprocals or
bonding company authorized by law to transact
business in Texas in an amount to be fixed by
the Commission under such rules and regulations
as it may prescribe, which bonds and insurance
policies shall provide that the obligor there-
in will pay to the extent of the face amount of
such insurance policies and bonds all judgments
which may be recovered against the motor carrier
so filing said insurance policies and bonds, based
on claims for loss or damages from personal in-
jury or loss of, or injury to property occuring
during the term of said bonds and policies and
arising out of the actual operation of such motor
carrier, and such bonds and policies shall also
provide for successive recoveries to the com-
plete exhaustion of the face amount thereof and
that such judgments will be paid by the obligor
in said bonds and insurance policies irrespective
of the solvency or insolvency of the motor car-
rier, provided, however, such bonds and policies
shall not cover personal injuries sustained by
the servants, agents or employees of such motor
carrier. Provided further that in the event the
insured shall abandon his permit or certificate
and leave the State, a claimant, asserting a claim
within the provisions of said bonds or policies,
may file suit against the sureties executing such
bond or the company issuing such policies in a
court of competent jurisdiction without the neces-
sity of making the insured a party to said suit.
Provided, however, that the Commission shall not
require insurance covering loss of or damage
to cargo in amount excessive for the class of
service to be rendered by any motor carrier.
Each such motor carrier shall, on or before the
date of the expiration of the term of any policy
or bond so filed by him, file a renewal thereof,
or new bonds and policies, and shall each year
thereafter on or before the expiration date of
the existing bonds and policies, file such re-
newal policies and bonds so as to provide con-
tinuous and unbroken protection to the public
having legal claims against such motor carrier,
and in the event such renewal bonds and policies
are not so filed, the Commission, after notice
to the motor carrier, and hearing, may, within

its discretion if it shall find and determine that the ends of justice will be better subserved thereby, cancel such permit or certificate for failure to furnish and provide such bonds or insurance as herein required.

"Each motor carrier shall also protect his employees by taking out workmen's compensation insurance, either as provided by the Workmen's Compensation Laws of the State of Texas, or in a reliable insurance company authorized to write workmen's compensation insurance approved by the Commission."

Section 5, Article 4682b, supra, imposes upon the Board of Insurance Commissioners the duty of prescribing uniform policy and endorsement forms for writing all classes of automobile insurance in Texas. The Board of Insurance Commissioners in compliance therewith has prescribed standard policy forms including statutory endorsement forms for attachment to policies covering trucks and busses operating under a certificate of convenience and necessity from the Railroad Commission of Texas.

Section 13, Article 911b, supra, specifically provides that such:

"Bonds and insurance policies shall provide that the obligor therein will pay to the extent of the face amount of such insurance policies and bonds all judgments which may be recovered against the motor carrier so filing said insurance policies and bonds, based on claims for loss or damages from personal injury or loss of, or injury to property occurring during the term of said bonds and policies and arising out of the actual operation of such motor carrier,"

As by the above quoted language of Section 13, Article 911b, supra, the liability of the obligor is not restricted or limited to loss or damages from personal injuries or loss of, or injury to property occurring during the term of such bonds and policies, caused by accident and arising out of the ownership, maintenance or use of such motor carriers, but on the contrary, the liability of the obligor is intended to cover all losses or damages from personal injury or loss of, or injury to property occurring during the term of such bonds and policies arising out of the actual operation of such motor carrier.

We think that the inclusion of the phrase "caused by accident" in the statutory endorsement forms restrict and limit the liability of the obligor to the extent that it is contrary to the specific language of Section 13, Article 911b, supra.

You are respectfully advised that it is the opinion of this Department that the inclusion of the phrase "caused by accident" in statutory endorsement forms contravene Section 13, Article 911b, Revised Civil Statutes.

Trusting that the foregoing answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/Ardell Williams
Ardell Williams
Assistant

AW:AW:wc

APPROVED:
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS